1

2

3          UNITED STATES DISTRICT COURT

4          EASTERN DISTRICT OF CALIFORNIA

5

DELTA SMELT  CONSOLIDATED CASES          **1:09-cv-00407 OWW DLB**
6          _____          **1:09-cv-00480-OWW-GSA**
                                                      **1:09-cv-00422-OWW-GSA**
7          SAN LUIS & DELTA-MENDOTA WATER            **1:09-cv-00631-OWW-DLB**
           AUTHORITY, *et al.* v. SALAZAR, *et al.*   **1:09-cv-00892-OWW-DLB**
8          (1:09-cv-00407 OWW DLB)
9          _____          **PARTIALLY CONSOLIDATED**
                                                      **WITH:  1:09-CV-01201-OWW-DLB**
10         STATE WATER CONTRACTORS v.
           SALAZAR, *et al.* (1:09-cv-00480-OWW-GSA)  **AMENDED JUDGMENT**
11         _____

12         COALITION FOR A SUSTAINABLE
13         DELTA, *et al.* v. UNITED STATES FISH
           AND WILDLIFE SERVICE, *et al.*
14         (1:09-cv-00422-OWW-GSA)

15         _____

16         METROPOLITAN WATER DISTRICT v.
           UNITED STATES FISH AND WILDLIFE
17         SERVICE, *et al.* (1:09-cv-00631-OWW-DLB)

18         _____

19         STEWART & JASPER ORCHARDS *et al.* v.
20         UNITED STATES FISH AND WILDLIFE
           SERVICE (1:09-cv-00892-OWW-DLB)
21         _____

22         FAMILY FARM ALLIANCE v. SALAZAR,
23         *et al.* (1:09-CV-01201-OWW-DLB)

24

25              In accordance with (1) the Court's November 13, 2009 Memorandum Decision (Doc.

26         399) and related Order dated December 2, 2009 and filed December 9, 2009 (Doc. 457) granting

27         in part the motion for summary judgment of Plaintiffs San Luis & Delta-Mendota Water

28         Authority and Westlands Water District ("San Luis Plaintiffs"), State Water Contractors ("SWC")

1   and Metropolitan Water District of Southern California ("MWD") on their claims against the

2   United States Bureau of Reclamation ("Reclamation") and Secretary of the Interior, Kenneth Lee

3   Salazar, that Reclamation violated the National Environmental Policy Act ("NEPA") by failing to

4   perform any NEPA analysis prior to provisionally adopting and implementing the December 15,

5   2008 biological opinion issued by the United States Fish and Wildlife Service ("USFWS")

6   regarding the effects of the proposed operations of the federal Central Valley Project ("CVP")

7   and the State Water Project ("SWP") on the delta smelt and its critical habitat (the "BiOp"); and

8   (2) the Court's December 14, 2010 Memorandum Decision (Doc. 757) and December 27, 2010

9   Amended Order (Doc. 763) on the motions and cross-motions for summary judgment brought by:

10  (a) San Luis Plaintiffs, SWC, MWD, Coalition for a Sustainable Delta, Kern County Water

11  Agency, Stewart & Jasper Orchards, Arroyo Farms, LLC, King Pistachio Grove, and Family

12  Farm Alliance; (b) plaintiff-in-intervention the California Department of Water Resources

13  ("DWR"); (c) USFWS and Reclamation; and (d) Defendant-Intervenors Natural Resources

14  Defense Council and the Bay Institute,

15       All claims of all parties have been decided. IT IS ORDERED that:

16       (A)     Judgment is entered in favor of San Luis Plaintiffs and against Federal Defendants

17  and Defendant Intervenors on San Luis Plaintiffs' Sixth Claim for Relief (Doc. 292, ¶ 114) that

18  Reclamation violated NEPA, as set forth in the Court's December 2, 2009 Order;

19       (B)     Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and

20  against Plaintiffs on Plaintiffs' claims that USFWS violated NEPA;

21       (C)     Judgment is entered against Federal Defendants and Defendant Intervenors and in

22  favor of San Luis Plaintiffs' on their First and Third Claims for Relief (Doc. 292); SWC on their

23  Second and Third Claims for Relief (Doc. 1 in 1:09-cv-422 OWW GSA); MWD on their First

24  through Fourth Causes of Action (Doc. 32 in 1:09-cv-631 OWW DLB); Coalition for a

25  Sustainable Delta and Kern County Water Agency on their First, Second, Third, Fourth and Fifth

26  Claims for Relief (Doc. 23 in 1:09-cv-480 OWW GSA); Stewart & Jasper Orchards, Arroyo

27  Farms, LLC, and King Pistachio Grove on their First, Second, and Fourth Claims for Relief (Doc.

28  1 in 1:09-cv-892 OWW DLB); and DWR on its First, Fourth, and Fifth Causes of Action (Doc.

426 in lead case 1:09-cv-407 OWW DLB); in part, on their claims that the BiOp violates the ESA and the Administrative Procedure Act ("APA"), and in part in favor of Federal Defendants and Defendant-Intervenors, as set forth in the Court's December 14, 2010 Memorandum Decision and December 27, 2010 Amended Order. Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs on all other claims regarding ESA and APA compliance;

(D)   Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Plaintiffs on Plaintiffs' claims that Reclamation violated the ESA;

(E)   Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Stewart & Jasper on Stewart & Jasper's claims that the BiOp failed to consider the economic impacts of promulgating the reasonable and prudent measures and that USFWS illegally arrogated authority to itself over Reclamation and DWR;

(F)   Judgment is entered in favor of Federal Defendants and Defendant-Intervenors and against Family Farm Alliance on Family Farm Alliance's Information Quality Act claims;

(G)   USFWS' BiOp and Reasonable and Prudent Alternative ("RPA") and Reclamation's December 2008 Provisional Acceptance of the RPA are REMANDED WITHOUT VACATUR with the following instructions:

    1.    USFWS shall transmit to Reclamation by October 1, 2011 a draft delta smelt Biological Opinion consistent with the requirements of law.

    2.    Reclamation and DWR shall submit to USFWS, in a timely fashion, modeling or other information necessary for evaluating the impacts of Project operations in accordance with the Court's findings and conclusions set forth in pages 74-104, and 220 of the December 14, 2010 Memorandum Opinion.

    3.    Reclamation shall complete review of the draft Biological Opinion and RPA in accordance with NEPA within twenty-five months of receiving the draft Biological Opinion and RPA from the USFWS.

    4.    Within one month after Reclamation completes the NEPA process referenced in subparagraph (3) above, and no later than December 1, 2013, USFWS shall

complete its analysis and issue the final Biological Opinion and any RPA.

(H)     This Final Judgment incorporates by reference the Stipulation and Order for Interim Remedy Through June 30, 2011 entered by the Court on February 25, 2011 (Doc. 842);

(I)     The Court expressly retains jurisdiction during the period of remand, to the extent permitted by law,[1] in the event issues arise concerning project operations.

(J)     The parties shall meet and confer regarding any request by Plaintiffs, or any of them, and/or DWR for recovery of attorneys' fees and/or costs.  Any motion for recovery of attorneys' fees and/or costs shall be filed on or before July 1, 2011.

IT IS SO ORDERED.

Dated:  May 17, 2011                             ___/s/ Oliver W. Wanger___
                                                Honorable Oliver W. Wanger
                                                United States District Judge

---

[1] Federal Defendants and Defendant Intervenors have expressed intent to appeal the district court's previous rulings in this case and question whether it is appropriate for the Court to retain jurisdiction during the pendency of an appeal. "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Small v. Operative Plasterers' and Cement Masons' Int'l. Assn. Local 200 AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010). "The district court only retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Id.* (citing *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001)). The Court will address the issue of jurisdiction if and when any request for relief is made during the pendency of an appeal.

-4-